CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 2 5 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTONIO SMITH, | ) | |
| Plaintiff, | ) | Civil Action No. 7:08-cv-00476 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DEPUTY T. DIX, et. al., | ) | By: Hon. Glen E. Conrad |
| Defendants. | ) | United States District Judge |

Plaintiff Antonio Smith, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Smith alleges that the defendants, two officers at the Charlotte County Jail, violated his constitutional rights by "purposely stepping on the heels of his feet" and accusing him of cursing an officer. As relief in this civil action, Smith seeks to have the officers disciplined and to recover financial compensation. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) as frivolous.[1]

Smith alleges the following sequence of facts on which his claims are based. On August 7, 2008, Officer Dix "while walking directly behind [Smith] escorting him to an isolation cell did purposely attempt to [provoke Smith] to commit a [hostile] act against him by purposely stepping on the heels of [Smith's] feet" so as to justify use of a "tazor" on Smith.

Smith also alleges that Officer Trent "accused [Smith] of cursing at him," when Smith had not done so. Smith asserts that Trent made this accusation to purposely "pick on" Smith, who is a young black man whom Trent "assumed was some type of trouble maker or gang member. Smith

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

also asserts that Trent's accusation was intended to provoke Smith into a physical confrontation during which Trent could use his "tazor" on Smith. Smith does not allege that anyone used a "tazor" against him or that he suffered any physical injury from the officers' actions.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Officials may not take actions against pretrial detainees with the purpose or intent of punishing them. United States v. Cobb, 905 F.2d 784 (4th Cir. 1990). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a [pretrial detainee's] constitutional rights." Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973). De minimis injury can be conclusive evidence that the force used was also de minimis and, therefore, not violative of constitutional protections. See Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997); Norman v. Taylor, 25 F.3d 1259 (4th Cir. 1994).

Nor does the constitution "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). A guard's verbal harassment or idle threats to an inmate, even if they cause an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. Id.; Cullins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (finding that verbal abuse and harassment by guards, without more, does not state any constitutional claim); Keyes v. City of Albany, 594 F. Supp. 1147 (N. D. N.Y. 1984)("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a §1983 claim."). Conclusory allegations of discrimination by prison officials are insufficient to state an actionable claim under § 1983. Chapman v. Reynolds, 378 F. Supp. 1137 (W.D. Va. 1974).

"[A]bsent some factual evidence the court will not look behind the determinations of prison officials on mere accusations that they are racially motivated." Id. at 1140.

It is unclear from the face of the complaint whether or not Smith was a pretrial detainee or a convicted defendant at the time of the alleged violations. This fact is not relevant, however, to the court's finding that his current claims are not actionable under § 1983. Whatever Smith's legal status, he does not allege that he suffered any injury from Dix's stepping on his heels. Therefore, he fails to state any constitutional claim regarding Dix's alleged actions, and his § 1983 claims against Dix must be dismissed, pursuant to § 1915A(b)(1). To the extent that Smith seeks to bring an assault claim against Dix, such claims arise under state law, and the court declines to exercise supplemental jurisdiction over state law claims, since all the constitutional claims are being dismissed. See 28 U.S.C. § 1367(c).

Similarly, Smith's allegations against Officer Trent fail to state any claim of constitutional significance. He does not allege any facts on which he formulated his speculation that Trent was "picking on" him because of his race or that Trent hoped to provoke a confrontation so he could "tazor" Smith. Such conclusory allegations of racial discrimination fail to state a claim under § 1983 and warrant no further development. At the most, Smith alleges that Trent "falsely accused" him of something he claims not to have done. Such verbal harassment alone does not state any actionable claim under § 1983 and will be dismissed, pursuant to § 1915A(b)(1). Again, the court declines to exercise supplemental jurisdiction over any related state law claims, pursuant to § 1367(c). An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of

3

the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of August, 2008.

/s/ Glen Conrad
United States District Judge